Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
TIMOTHY DAWSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TIMOTHY DAWSON,<br><br>             Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>             Defendant, | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT FOR DAMAGES</u>**

**INTRODUCTION**

1. TIMOTHY DAWSON (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against CITIBANK, N.A., (hereinafter referred to as "CITI" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer

1. Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereinafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012)

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

---

[1] CA Civil Code §§ 1788.1(a)-(b)

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff makes the allegations contained herein on information and belief (except as to those allegations regarding himself, which are made on personal knowledge).

**JURISDICTION AND VENUE**

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of Untied States Code Section 227, *et seq.*

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of Ventura and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of Ventura, California. Furthermore, Defendant regularly conducts business within State of California, County of Ventura, and

Plaintiff resides in Ventura County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of Ventura, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant CITI is a National Banking Association.

15. Defendant CITI regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe CITI debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, CITI collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, CITI is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

18. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A)

19. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit

transaction. This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

20. Plaintiff incorporates by reference and realleges Paragraphs 1-19 above as if fully stated herein.

21. Plaintiff took out a Best Buy retail store credit card account with Capital One Bank USA, (N.A.) on or about May of 2004 ("charge card")

22. On or about November of 2013, Defendant CITI purchased all of Capital One Bank USA, (N.A.)'s Best Buy credit card portfolio, including Plaintiff's charge card.

23. Plaintiff made payments toward the charge card from when he took it out, and maintained good standing, until on or about September 2018, when Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

24. Upon going into default, agents for CITI called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

25. Plaintiff sought out and retained an attorney to represent him with regards to the debt allegedly owed to CITI.

26. Plaintiff's Counsel's office successfully sent a Cease and Desist Letter to CITI via facsimile to two different facsimile numbers owned and operated by CITI. The facsimile numbers were: (855) 329-0178, and (605) 330-6750 ("Facsimile Cease and Desist")[2].

27. CITI received the Facsimile Cease and Desist on October 2, 2018 as follows:
    a. (605) 330-6750 – received October 2, 2018 at 11:50 p.m. (PST)
    b. (855) 329-0178 – received October 2, 2018 at 11:49 p.m. (PST)

---

[2] The Facsimile Cease and Desist Letter was also sent to a third facsimile number, (816) 505-6961, although that transmission was not successful.

28. On information and belief, Defendant CITI owns, operates, or otherwise has access to facsimiles numbers: (855) 329-0178, and (605) 330-6750.

29. Both Facsimile numbers listed in paragraph 27-28 above identified themselves in the facsimile confirmation transmissions as: "Citicards."

30. Despite receipt of the Cease and Desist Letters at (2) two different facsimile numbers, agents for CITI continued to constantly call Plaintiff on his cellular phone to collect on the Charge Card debt, via the use of an ATDS and/or Prerecorded Voice.

31. In response to the continued calls to Plaintiff's cellular phone and workplace, on November 20, 2018, Plaintiff's Counsel drafted another letter wherein he stated that he represented Plaintiff with regards to any claims held by Defendant and mailed said letter to Defendant, CITI (hereinafter referred to "Mailed Cease and Desist Letter").

32. In the Mailed Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, the last four digits of his social security number, a partial account number, and explained again that demand was being made pursuant to Cal. Civ. Code §§1788.14 and 1788.17 that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.

33. Plaintiff's Counsel sent the Mailed Cease and Desist Letter to CITI at:

>       Citibank
>       399 Park Avenue
>       New York, NY 10022

34. After receipt of the Mailed Cease and Desist Letter, representatives of CITI have called Plaintiff in excess of 100 times on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

35. Combined, CITI has called Plaintiff over one-hundred (100) times in total after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel

for any debts owed to CITI, and an explicit warning that all direct contact with Plaintiff should cease.

36. Plaintiff spoke to agents for CITI on at least two occasions and stated that they should not be calling him on his cellular telephone, and reiterated that he had retained Counsel who had sent Cease and Desist Letters to CITI.

37. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice. Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

38. Despite having received Cease and Desist Letters sent to two separate facsimile numbers, verbal notice from Plaintiff, and a mailed letter from Plaintiff's Counsel, CITI continues to call Plaintiff to date, often multiple times per day in rapid succession.

39. CITI, or its agents or representatives, have contacted Plaintiff on his cellular telephone over One-Hundred (100) times since October 2, 2018, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

40. Many of the Defendant's calls to Plaintiff after receiving the Facsimile and Mailed Cease and Desist Letters contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

41. The multiple calls made by Defendant or its agents after October 2, 2018 were therefore made in violation of 47 U.S.C. § 227(b)(1).

42. Despite receipt of Cease and Desist Letters sent to two separate facsimile numbers, verbal notice from Plaintiff, and a mailed letter from Plaintiff's Counsel, along with oral instructions to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts,

Defendant continues to contact Plaintiff repeatedly to date

43. As a result of CITI's relentless and harassing collection calls and emails, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE §1788.14(c)

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. When Plaintiff's Counsel sent the Cease and Desist Letters to CITI, at two (2) separate facsimile numbers, and by mail, Defendant CITI was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

46. When Plaintiff orally stated to representatives for CITI on two (2) separate occasions that he was represented by Counsel, CITI was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

47. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

48. By calling Plaintiff on his cellular phone over one-hundred (100) times after receipt of the Cease and Desist Letters from Plaintiff's Counsel, CITI violated Cal. Civ. Code §1788.14(c).

49. As a result of the constant collection calls by CITI, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by CITI are overwheling. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 49, inclusive, as if fully set forth.

51. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, and orally, Plaintiff revoked any alleged consent for CITI or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

52. The foregoing acts and omissions of CITI constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

53. As a result of CITI's negligent violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

## III.
## THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 54, inclusive, as if fully set forth.

56. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, and orally, Plaintiff revoked any alleged consent for the CITI or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

57. The foregoing acts of the CITI constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

58. Therefore, since CITI or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of and ATDS and/or Recorded Voice, CITI's acts were willful.

59. As a result of CITI's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

*Dawson v. Citibank, N.A., Complaint For Damages*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: May 16th, 2019    By:    */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: May 16th, 2019      By:      */s/ Ahren A. Tiller*
                                                  Ahren A. Tiller, Esq.
                                                  BLC Law Center, APC
                                                  Attorneys for Plaintiff